[Cite as *Devol v. Logan*, 2021-Ohio-4164.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| VICKI DEVOL, | : | Case No. 21CA4 |
| Appellant-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| CITY OF LOGAN, | : | |
| Appellee-Appellee. | : | **RELEASED 11/22/2021** |

_____
<u>APPEARANCES</u>:

L. Jackson Henniger, Logan, Ohio, for appellant.

Dave Yost, Attorney General of Ohio, L. Martin Cordero and William J. Cole, Assistant Attorneys General, Columbus, Ohio for intervenor-appellee Ohio Department of Transportation.

Abigail M. Saving, Logan, Ohio, for appellee City of Logan.
_____
Hess, J.

{¶1}   Vicki Devol appeals the judgment of the Hocking County Court of Common Pleas affirming the City of Logan Zoning Board of Appeals's ("Zoning Board") decision denying her application to install a driveway and access State Route 664 within the City of Logan. Devol identifies eight assignments of error in the trial court's review of the Zoning Board's decision. She contends that the trial court erred in allowing the Zoning Board and the zoning inspector to interpret deeds and other legal documents in making the decision to deny her driveway project and misinterpreted the case law concerning the legal requirements that must be met prior to approval of her driveway project. She contends that the trial court erroneously found the zoning proceedings constitutional, failed to consider the legal import of classifying her property as having

limited access and failed to consider the lack of legislation that would have allowed rezoning of the area. She also challenges the trial court's findings concerning an alleged existing easement to the highway, the use of a corrective deed, and the language used in one of the deeds at issue.

**{¶2}** We find that the trial court did not err as a matter of law when it determined that the zoning inspector acted within his or her authority when it considered deeds to the relevant properties in making the decision to deny Devol's application for a driveway permit. A preponderance of reliable, probative, and substantial evidence supports the trial court's determination that ODOT took access rights to State Route 664 from Devol as part of the Judgment Entry of Settlement and did not, as part of that same settlement, restore access rights to her. We overrule her assignments of error and sustain the trial court's judgment.

## I.  PROCEDURAL HISTORY

**{¶3}** In 2004, the Ohio Department of Transportation ("ODOT") filed a petition to appropriate property along State Route 664 in the City of Logan, including Devol's 0.103 acre tract known as Parcel 8. The parties reached a settlement that was memorialized and filed with the Hocking County Recorder as a "Judgment Entry on Settlement" under which ODOT split Parcel 8 into two parcels. It reduced the taking of Devol's property to .012 acres and allowed Devol to retain ownership of the remaining acerage. ODOT's .012 acre portion abutted State Route 664 was renamed Parcel 8-WL and Devol's portion was renamed Parcel 8-WD. Even though ODOT reduced the acreage it appropriated from Devol, it increased the compensation to her by an additional $13,071, from $46,000 to $59,071, and conveyed to Devol an additional tract

of land, Parcel 9-EL, which was located farther from State Route 664 and contiguous to Parcel 8-WD. Neither Parcel 9-EL nor Parcel 8-WD abutted State Route 664. ODOT conveyed all rights, title, and interests in fee simple in Parcel 9-EL to Devol, including any abutter's rights that might exist. ODOT retained all right, title and interest in fee simple, including limitation of access in Parcel 8-WL and Devol divested herself of any and all abutter's rights, including access rights in, over and to Parcel 8-WL, including such rights with respect to any highway facility constructed thereon. Devol also waived any implied easement of access.

**{¶4}**    In December 2017, Devol applied for a building permit for a 20-foot curb cut to re-establish driveway to access State Route 664 across ODOT's Parcel 8-WL and to install a drain and replace sidewalk. Prior to this application, Devol had made three earlier applications in 2015, 2016 and February 2017 for the same curb cut and highway access, all which had been denied by the zoning inspector.[1] The zoning inspector denied Devol's December 2017 application on the grounds, "The state reserved the right to limit and restrict access to the subject parcel in the vesting deed." Devol's prior three applications were denied for the same reason. The zoning inspector denied her February 2017 application because, "City of Logan reached out to Dist. 10 Real Estate Manager for ODOT, who indicates that the state reserved the right to limit and restrict access to the subject parcel in the vesting deed." The 2016 application was denied

---

[1] It is unclear whether these prior applications were appealed to the Zoning Board. *See Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 383, 653 N.E.2d 226, 229–30 (1995) (holding that property owner's second application for a zoning certificate was barred by the doctrine of res judicata where it was based on a claim arising from a nucleus of facts that was the subject matter of the first application. In both instances, owner was attempting to construct exactly the same building on the same tract of land, which had fewer acres than the local zoning ordinance required. The only difference between the two applications was the theory of substantive law under which owner sought relief.).

because, "City cannot issue this permit. Must go through ODOT." The 2015 application was denied because "The city cannot issue a building permit to allow a curb cut. The request must be made to ODOT."

{¶5}    Devol appealed to the Zoning Board. At the hearing, Devol argued that the zoning inspector had no authority to deny the application based upon restrictions in the deed; only the common pleas court had jurisdiction to interpret deed restrictions. In addition, Devol contended that the City of Logan, not ODOT, controlled the Parcel 8-WL. She also contended that, in addition to the deed to Parcel 8-WL there were two additional deeds at issue, one to Parcel 8-WD, which restricted access to State Route 664, and the second deed, to Parcel 9-EL, which she argued "absolved the restrictions."

{¶6}    The Zoning Board heard arguments from ODOT, which stated that it did, in fact, own and control the property, Parcel 8-WL, over which Devol sought access to State Route 664 and that it acquired that property many years ago as part of a safety project along a curved portion of State Route 664. The entire purpose of the safety project was to remove access to State Route 664. ODOT argued that it was clear through the communications, emails, letters, and other writings that there was to be no access to State Route 664. ODOT agreed that the deed to Parcel 9-EL contained a different legal description, but this was the result of a scrivener's error. ODOT was planning to file a corrective deed to resolve any issue or confusion.

{¶7}    The Zoning Board unanimously denied Devol's appeal and Devol filed an administrative appeal with the Hocking County Court of Common Pleas.  The trial court reviewed Devol's building permit application and compared it to ODOT's deed to Parcel 8-WL and determined that Devol sought to install a driveway and access State Route

664 on ODOT's Parcel 8-WL. The trial court found, "At no time did ODOT ever compromise its right to keep the S.R. 664 right of way as limited access, nor has it granted permission to Ms. Devol to build a driveway upon or across that right of way." The trial court rejected Devol's argument that the City of Logan, not ODOT, owned and controlled Parcel 8-WL.

{¶8} As to the language in the deed to Parcel 9-EL, the trial court also rejected Devol's argument that the language in that deed restored access to State Route 664. The trial court found that even if it were believed that ODOT restored access to Parcel 9-EL, Parcel 8-WL still blocked access to State Route 664. The court found that Devol's argument "that ODOT was, without explanation or reason, 'giving away the restrictions' " was somewhat disingenuous because "she argued this despite knowing that the Judgment Entry on Settlement contained no such access rights that were to be retained and no subsequent events had occurred that justified restoring her access to SR 664."

{¶9} The trial court rejected Devol's contention that the zoning inspector was not authorized to interpret the validity and meaning of deed restrictions when deciding whether to issue a permit. The trial court found that the zoning inspector has a duty to ensure that the property owner has complied with "all legal requirements," and "at the very minimum" the zoning inspector had authority to interpret the relevant deeds at issue and was correct "in not permitting a driveway on a property not owned by Ms. Devol or through property for which no access had been granted." The court noted that Devol had argued that the zoning inspector *should not interpret* the restrictions of the deed to Parcel 8-WL while at the same time arguing that the zoning inspector *should*

*interpret* provisions in the deed to Parcel 9-EL, which she contends restored her right to access to State Route 664.

> The undisputed testimony and evidence supports the conclusion that the safety project included elimination of all abutting access. Moreover, the unambiguous terms of Parcel 8-WL that were included in the Judgment Entry of Settlement limited all residue access. Therefore, the Zoning Inspector correctly interpreted the history of the access to Ms. Devol's property and properly interpreted deeds to Parcel 8-WL and 9-EL as to no access to SR 664. Based on the above, this Court finds that the decision of the Zoning Inspector was supported by reliable, probative, and substantial evidence.

{¶10} The trial court rejected Devol's argument that the denial of her building permit was an unconstitutional taking because she had failed to prove she has a right to build a driveway on her property. And, even if she had a right, she has failed to establish the requirements of a partial regulatory taking. The trial court found no constitutional violation. The court affirmed the findings of the Zoning Board.

{¶11} Devol appealed.

## II. ASSIGNMENTS OF ERROR

{¶12} Devol presents eight assignments of error:

I.      The court erred in permitting the building zoning inspector and the Board of Zoning Appeals to interpret legal language in the deeds and other legal documents.

II.     The court misinterpreted the case law (Willow) as to what constituted other legal requirements.

III.    The court found the proceedings of the zoning inspector and the Board of Zoning Appeals to the [sic] constitutional.

IV.     The court failed to consider the holding in *In Re Appropriation* as to the importance of classifying a given area as having limited access.

V.      The court failed to properly consider the existing easement to the highway and one of the 2 properties awarded it in the first condemnation proceeding.

VI.    The court failed to consider the lack of legislation that would have permitted the rezoning of the area.

VII.    The court improperly condoned the production of a "corrective deed."

VIII.    The court characterized the language in a in [sic] the first deed as being "boilerplate" as if it had little legal effect which is not the case.

## III. LEGAL ANALYSIS

{¶13} Although Devol identified eight assignments of error in her brief, she presented one principal argument in support of all eight assignments.[2] We consolidate several of her assignments of error and address some of them out of order for ease of discussion.

## A. Standard of Review

{¶14} A common pleas court reviews the record to determine if the zoning decision is arbitrary, capricious, unreasonable, illegal, or unconstitutional, or unsupported by the preponderance of substantial, reliable, and probative evidence. The standard of review for the court of appeals is more limited and strongly favors affirmance. We review the common pleas court's judgment only on questions of law and must affirm unless the trial court erred in its interpretation or application of the law or the decision is unsupported by a preponderance of evidence as a matter of law.

> "In an R.C. 2506.01 administrative appeal, the common pleas court considers the whole record and determines whether the administrative

---

[2] App.R. 16(A)(7) requires a separate argument for each assignment of error. App.R. 12(A)(2) authorizes us to disregard any assignment of error that an appellant fails to separately argue. Thus, we would be within our authority to summarily overrule appellant's assignments of error and affirm the trial court's judgment. *See Crites v. Dingus*, 4th Dist. Athens No. 07CA38, 2008-Ohio-7039; *Mortgage Electronic Registration Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, ¶ 22 (4th Dist.). In the interests of justice, however, we will review the assignments of error.

order is 'unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 13, quoting R.C. 2506.04. "The court weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the court may not substitute its judgment for that of the board." *Id.* citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979). "If it does not, the court may reverse, vacate, or modify the administrative decision." *Id.*; R.C. 2506.04.

"Under R.C. Chapter 2506, the standard of review for a court of appeals is even more limited." *Ellison v. Hillsboro*, 2016-Ohio-1556, 63 N.E.3d 555, ¶ 20(4th Dist.), citing *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). "The court of appeals reviews the common pleas court's judgment only on questions of law and does not have the same extensive authority to weigh the evidence." *Independence* at ¶ 14, citing *Henley* at 147, 735 N.E.2d 433. "Within the ambit of questions of law for appellate-court review is whether the common pleas court abused its discretion [and] [t]he court of appeals must affirm unless it finds, as a matter of law, that the trial court's decision is not supported by a preponderance of reliable, probative, and substantial evidence." *Id.*

"In sum, the standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance. It permits reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law." *Cleveland Clinic Found. v. Bd. of Zoning Appeals of Cleveland*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 30; *Ellison* at ¶ 21.

*In re Columbus Bituminous Concrete Corp.*, 2018-Ohio-2706, 114 N.E.3d 621, ¶ 15-17

(4th Dist.), *rev'd on other grounds, sub nom. Columbus Bituminous Concrete Corp. v.*

*Harrison Twp. Bd. of Zoning Appeals,* 160 Ohio St.3d 279, 2020-Ohio-845, 156 N.E.3d

841.

### B. Zoning Inspector's Duties

**{¶15}** In her first three assignments of error, Devol argues that the trial court

erred when it determined that the zoning inspector could review the deeds to the

properties at issue in determining whether to issue a permit. She contends that this exceeded the authority of the zoning inspector and was unconstitutional because it "involved something other than the ministerial acts which the city ordinance provided authority of the zoning inspector * * *." Devol cites no city ordinance, statute, or case law to support her assertion that zoning inspectors are limited in the types of documents they can review in carrying out their ministerial duties. It is within the zoning inspector's ministerial duties to grant or deny driveway permits and Devol does not contend otherwise. Devol does not cite to nor have we found any case law that limits the types of documents a zoning inspector may consider in carrying out his or her ministerial duties. Nor have we found any case law that holds that a zoning inspector's review of relevant property deeds exceeds the inspector's ministerial duties, exceeds the zoning authority granted under R.C. Chapter 519, or is unconstitutional.

{¶16} The trial court relied upon *Willow Grove, Ltd. v. Olmsted Township,* 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 54, quoting *Barrett Paving Materials, Inc. v. Bd. of Zoning Appeals,* 12th Dist. Clermont No. CA90-07-066, 119 WL 116344, *2 (June 24, 1991) which described the inspector's authority as ministerial with "a duty to issue a permit or certificate where the property owner has complied with all legal requirements, and the proposed use falls within the use classification applicable to the area where the owner proposes to engage in the use." "The role of a township zoning inspector in the issuance of zoning permits under R.C. 519.17 has been described as ministerial in nature. Actions by townships that exceed zoning authority granted under R.C. Chapter 519 are deemed invalid and unenforceable." (Citations omitted.) *Jeffrey Mann Fine*

*Jewelers, Inc. v. Sylvania Twp. Bd. of Zoning Appeals*, 6th Dist. Lucas No. L-08-1013, 2008-Ohio-3503, ¶ 24.

{¶17} We find no error in the trial court's interpretation and application of *Willow, supra*. In *Willow*, the issue was whether the zoning commission and township trustees had exceeded their statutory authority by denying Willow's zoning application to build residential townhouses. Willow, the property owner, argued that only the zoning inspector – not the commission or the trustees – had authority to approve or deny the application. The court agreed and found that the commission and trustees' denial of the application exceeded their statutory authority and usurped the sole power of the zoning inspector, as described in R.C. Chapter 519. The court described the zoning inspector's duties as ministerial in nature and, as it relates to issuing or denying certificates, was to insure: (1) the property owner has complied with all legal requirements and (2) the proposed use fell within the applicable use classification.

{¶18} Devol points to nothing in *Willow* that discussed or limited the documents a zoning inspector may review to insure that the property owner has complied with all legal requirements; nor does she identify any such limitations in R.C. Chapter 519 or the local zoning ordinances. Instead Devol makes the vague assertion, "I believe it would take a city ordinance to properly classify the property and pass it through the various steps * * * in order to classify property in the zoning law, and I don't believe that has been done." As a result, she argues that she believes she has met the requirements "for a permit to gain access to State Route 664, irrespective of the language of deeds in the settlement entry, as the interpretation of these documents is beyond the authority of the zoning inspector as well as the board of zoning appeals."

**{¶19}** We find as a matter of law that the trial court correctly found that, at a minimum, the zoning inspector had the authority to determine if Devol had "complied with all legal requirements." Devol sought to build a driveway across property she did not own; the trial court correctly found that the zoning inspector could review the deeds to the properties at issue to determine whether Devol had complied with all legal requirements before denying the permit. We overrule Devol's first, second and third assignments of error.

### C. ODOT's Acquisition of Access Rights

**{¶20}** In her fourth and sixth assignments of error, Devol contends that the trial court failed to consider *Director of Highways v. Kramer,* 23 Ohio App.2d 219, 262 N.E.2d 332 (11th Dist.1970) or the lack of a city or zoning ordinance declaring State Route 664 to be a limited access highway. *Kramer* holds that an owner of property abutting a public highway possesses ingress and egress rights "unless an appropriating body has acquired a fee simple title along with 'all right, title and interest' to the land taken, and the abutting landowner, who previously had the right of ingress and egress to the highway, is compensated for his loss." *Id.* at paragraph one of the syllabus. Here the trial court applied the basic holding in *Kramer* and found that ODOT took the deed to Parcel 8-WL with "all rights, titles, and interests in the fee simple in the property, including limitation of access" and that this was part of an overall settlement, which included compensation to Devol for the loss of her ingress and egress rights. Therefore we find no error in the trial court's interpretation and application of *Kramer.*

**{¶21}** To the extent that Devol now contends that ODOT's appropriation was defective for failure to follow R.C. Chapter 5519, we reject her argument. She fails to

identify the specific statutory provisions in Chapter 5519 she believes were violated. And she likewise fails to identify the statutory provision that she contends requires the local municipality, here the City of Logan, to pass a local ordinance declaring the highway as "limited access" before ODOT can acquire her access rights. As ODOT correctly argues, if Devol believed there was a defect in the 2004 appropriation proceedings, her remedy was a direct appeal in that case, not a collateral attack here, over a decade later. *See Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22-23 ("final judgments are meant to be just that – final" and collateral attacks are disfavored except for a claim of lack of jurisdiction or where the order was a product of fraud).

**{¶22}** We overrule her fourth and sixth assignments or error.

D. Access Restrictions in Parcel 9-EL

**{¶23}** In her fifth, seventh and eighth assignments of error, Devol argues that ODOT effectively returned to her the abutting property owner's right to access the highway in Parcel 9-EL. She contends that the trial court failed to properly interpret the language in the deed to Parcel 9-EL, calling it "boilerplate" and allowing for a corrective deed.

**{¶24}** First, we note that there is nothing in the record indicating that the trial court "allowed" a corrective deed or considered or interpreted any language contained in a corrective deed for Parcel 9-EL. The trial court's only reference to a corrective deed for Parcel 9-EL was in its summary of ODOT's testimony before the Zoning Board in which ODOT stated, "if there was a problem in the deed for Parcel 9-EL that it was a

scrivener's error that needed correction." Instead, the trial court's analysis focused on the original deeds at issue and related documents considered by the Zoning Board.

{¶25} The trial court considered the language in the original deeds, surveys, the terms of the Judgment Entry on Settlement, and the statements made by ODOT representatives and determined that the original deed to Parcel 9-EL, which ODOT conveyed to Devol, did not "restore" access rights to State Route 664 and there was no reasonable basis for Devol to believe otherwise. The documents the trial court relied on included: (1) explicit takings by ODOT of access rights to State Route 664 in Parcel 8-WL; (2) a waiver from Devol of access rights to State Route 664; (3) ODOT's description of the State Route 664 project as one "to minimize conflict points along State Route 664 to ensure maximum safety. Properties were acquired, driveways were eliminated and safety along this corridor was re-established. Safety will not be jeopardized by adding access points to State Route 664"; and (4) ODOT's description of subsequent additional transfers of properties from ODOT to Devol via a bidding process which also clearly stated that the properties had no access rights to State Route 664.

{¶26} The trial court found that the original deed for Parcel 9-EL whereby ODOT as grantor was divesting itself "of any and all abutter's rights, including access rights" did not "restore access rights to SR 664." The court determined that the entire point of the project and all property appropriations was to acquire access rights to State Route 664. Devol's position that ODOT entered into a settlement agreement that included the acquisition of all access rights "only to have a deed prepared as part of that settlement" which restored access "is illogical." Moreover, the trial court found that even if Devol's argument concerning Parcel 9-EL was believed (that ODOT restored access over

Parcel 9-EL), the newly created Parcel 8-WL nevertheless still blocked access to State Route 664.

**{¶27}** As a matter of law, we find no error in the trial court's determination that the original deed to Parcel 9-EL did not grant access rights to State Route 664 to Devol and ODOT was not "giving away the restrictions." First, Devol failed to establish any abutting rights associated with Parcel 9-EL. Based on the survey, it appears that Parcel 9-EL does not and never has abutted State Route 664. The documents reviewed by the trial court provide a preponderance of reliable, probative, and substantial evidence that Devol waived access rights to State Route 664 and she was compensated by ODOT for the loss of those rights. Additionally, Devol knew that the purpose of ODOT's appropriation proceedings was to secure and limit access to State Route 664 for safety reasons, the deed to Parcel 9-EL does not grant access over Parcel 8-WL to State Route 664, and Devol purchased other properties from ODOT knowing that the properties had no access rights to State Route 664; therefore Devol had no reasonable basis to believe that ODOT was creating access rights to State Route 664 via the deed to Parcel 9-EL.

**{¶28}** We overrule her fifth, seventh and eighth assignments of error.

## IV. CONCLUSION

**{¶29}** The decision of the trial court is supported by a preponderance of reliable, probative, and substantial evidence and the trial court did not abuse its discretion in applying the law. We overrule all of Devol's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     Michael D. Hess, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**